UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALEXANDER,

    Petitioner,

        v.         CAUSE NO. 3:19-CV-500-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Michael Alexander, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-1-419) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 106. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Alexander argues that he is entitled to habeas relief because the hearing officer did not consider a witness statement from the victim. The Warden responds that a hearing officer's refusal to consider a witness statement due to the risk of retaliation does not violate due process. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, correctional officials may place reasonable limitations on evidentiary requests for witness statements or testimony for a variety of reasons, including the risk of reprisal. *Id.* They may also discount a witness statement if they have reason to believe that the witness provided it only out of fear of retaliation. *See*

*Superintendent v. Hill*, 472 U.S. 445, 455 (1985). They may even prevent an inmate from reviewing material, exculpatory evidence if its disclosure would present a risk to the security of the facility and the safety of those within it. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003); *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

Though correctional officials have substantial discretion on evidentiary matters, the court is unaware of any authority suggesting that hearing officers may refuse to consider material, exculpatory evidence already within their possession or control. To the contrary, allowing such refusals would significantly undermine the principles set forth in *Wolff, Chavis, and Piggie* that, subject to reasonable limitations, inmates are entitled to present a meaningful defense by requesting and presenting evidence for the hearing and by receiving notice of material, exculpatory evidence. Moreover, it is unclear how the mere consideration of an exculpatory witness statement would pose a risk of reprisal or would otherwise threaten institutional security. This is particularly true, here, where Alexander had access to the witness statement during the administrative appeal process. ECF 2-1 at 4; ECF 11-8. Further, while a hearing officer may discount a witness statement if there is reason to believe that it has been obtained under duress or out of fear of retaliation, there is no indication that the hearing officer made such a credibility determination here. Accordingly, the court finds that the hearing officer's refusal to consider material, exculpatory evidence that existed at the time of the hearing violated Alexander's procedural rights.

The court must also consider whether the refusal to consider the witness statement constitutes harmless error. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir.

2003). The administrative record includes a statement obtained by correctional staff from the victim that Alexander did not participate in the battery. ECF 11-4. It also includes the hearing report, which indicates that the hearing officer considered only the conduct report, the video recording, and the statement of the offender. ECF 11-5. The correctional officer who issued the conduct report did so on the basis of reviewing the video recording rather than his personal observations. ECF 11-1. The video recording showed Alexander accompanying another inmate to the victim's cell, entering the cell, closing the door behind him once the other inmate began battering the victim, and then leaving with the other inmate.[1] ECF 11-6, ECF 15. While one could reasonably infer that Alexander participated in the battery from the recording, it does not directly show his participation. Given the absence of direct evidence and the presence of the other inmate who could have been the sole culprit, the court cannot find the refusal to consider the victim's witness statement was harmless error.

Because the hearing officer did not consider the victim's statement, the court GRANTS his habeas corpus petition (ECF 2). The court ORDERS the Warden to file documentation by **February 23, 2021**, showing that the guilty finding in MCF-19-1-419 has been vacated and the earned credit time and credit class restored. The court further

---

[1] The administrative record contains three separate accounts of the video recording: (1) the conduct report by Officer Conley; (2) the summary of the video recording by Officer Hall; and (3) the statement of Sergeant Smith. ECF 11-1; ECF 11-6; ECF 11-7. In the conduct report, Officer Conley represents that he saw Alexander throw punches, but Officer Hall and Sergeant Smith represent only that they saw Alexander enter the cell and shut the door behind him. After reviewing the video recording, the court was able to confirm the accounts of Officer Hall and Sergeant Hall but could not confirm the account of Officer Conley.

DENIES as UNNECESSARY the motion for a hearing (ECF 20) and DIRECTS the clerk to close this case.

    SO ORDERED on February 9, 2021

                                        /s/JON E. DEGUILIO  
                                        CHIEF JUDGE  
                                        UNITED STATES DISTRICT COURT